IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**Plaintiff**                                                                 CA No.   1 7 - 1 8 0

**Constance Gary**

V

**Mariner Finance**

<u>Complaint</u>

<u>Jurisdiction</u>

1. The court has jurisdiction over this claim pursuant to 15 USC § 1681 et seq.
2. The court has jurisdiction over this claim because I am a resident of Delaware.

<u>Facts</u>

3. In July 2015, I entered into a 2 year loan agreement with Mariner Finance.
4. The loan terms were spelled out as per a one page signed contract agreement.
5. The contract agreement states that the penalty for late payment post 5 days of the scheduled installment date is a late fee.
6. The contract also states that the only other late payment penalty is late payment post 60 days, which incurs a penalty of an increase in the interest rate for the remainder of the loan.
7. In June 2016, Mariner Finance prematurely sought a default judgment against me at the JP Court stating that I was in default for failure to pay on time in April 2016.
8. In April I was 30 days late. I had been 30 days late previously and not been in default.
9. The contract between Mariner finance and I does not state that demanding a judgment for payment in full is a remedy that the company can pursue if installments are not made in a timely manner. (See paragraphs 4 and 5 above)
10. When Mariner Finance filed its case against me, the company included a document that was unknown to me, which is an arbitration clause that states that if a payment is 1 day late the borrower is in default on the loan.
11. The arbitration clause contradicts the signed 1 page contract and was not a part of the agreement I had with Mariner Finance, nor was it signed.
12. The arbitration clause was purposely included in the JP Court documents to misrepresent that there was merit to the company's claim for default judgment.

13. Nowhere in the 1 page signed contract does the word default exist.
14. The JP Court case was filed June 9th 2016.
15. On June 24, I paid $500 to Mariner Finance which covered 3+ months of installments @ $152/month (April, May, June) and brought the account current. There was even a credit towards my next payment at that time. I asked Brittany Panter, branch manager, to withdraw the JP court case.
16. I was told verbally then, that I should have read my contract and that 1 late payment puts me in default- which is not the terms of the agreement per neither the contract nor my account statements.
17. I fought vigorously at the JP Court level to get my case heard in the proper venue, requested a bill of particulars and filed a counterclaim and motions to dismiss.
18. I filed a counterclaim for Fraud and Misrepresentation, IIED, Breach of Contract and Breach of Covenant. The counterclaim was dismissed for lack of jurisdiction. (I brought that same suit in the DE Court of Common Pleas on Feb. 21, 2017.
19. On October 5th, before the matter could get to trial Mariner Finance's attorney agreed to withdraw the case if I got the account current by October 31, 2016. (Which is what I had already done on June 24, 2016)
20. I had notified Mariner Finance's attorney in July 2016, that the company was violating the FCRA and received no response from the attorney. I informed him again in October at the JP Court hearing when the court recessed that the company had (at that time) twice reported inaccurate information to the credit bureau.
21. Mariner Finance began reporting the account as closed and in collections beginning on June 30, 2016 and has continued to do so until today.
22. The account statement Mariner Finance submitted to the JP Court states that by June 24th and in July there was no past due amount owing on my account. The account should never have been reported as eligible for closure and collections to the credit bureaus.
23. On October 28th, per the agreement made prior to the JP Court trial, I paid Mariner $400 to bring the account current. Mariner accepted this payment and withdrew their JP Court action. (See above)
24. To date my credit reports are still inaccurate.
25. I filed a dispute with Transunion on or about November 4, 2016.
26. I filed a dispute with Equifax on or about October 31, 2016.
27. The result of the Equifax investigation was that everything had been reported correctly. Mariner even failed to report that I paid $400 on October 28th to Equifax, but then reported to Transunion that I had paid in October. Mariner just updated the account info with Transunion with the October payment yet failed to have the closed and in collections account status removed with both credit bureaus, even though the account is still open and active and they withdrew their own complaint for payment in full against me in court.

Cause of Action

Violation of the FCRA (15 USC § 1681 et seq.)

I re-allege and incorporate paragraphs 1-27

Mariner Finance had a duty to furnish accurate information to the credit bureaus.

Mariner Finance did willfully report inaccurate, adverse information about me to the credit bureaus.

Mariner finance was well aware that I had paid my account current and that their reporting of conflicting information was a willing failure to comply with the reporting rules outlined in 15 USC §1681 et seq.

Even after notifying Mariner's attorney about the first violation, the company failed to have the information on my credit report changed and continued to report the inaccurate information.

Requested Relief

I am seeking the following relief in this matter pursuant to 15 USC § 1681 et seq.

Removal of the inaccurate information from my credit report.

Actual Damages at $100 per violation- Improper reporting since June 2016 (6 months thus far) with two credit bureaus = $1200 in actual damages sought

As a million dollar company, Mariner needs to incur a financial penalty that will likely deter them from participating in this kind of activity again in the future.

I am also requesting Punitive Damages in the amount of $12,000.

Furthermore, I am requesting Pre and Post Judgment interest at the federal rate

Feb. 21, 2017

Constance Gary

Plaintiff

101 G Highland Blvd

New Castle, DE 19720